UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEAN LAWTHER,

          Petitioner,

vs.                             Case No. 2:11-cv-190-FtM-29DNF
                                    Case No. 2:08-cr-107-FtM-29DNF

UNITED STATES OF AMERICA,

          Respondent.
_____

**OPINION AND ORDER**

    This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1)[1] filed on April 1, 2011. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on June 3, 2011 (Cv. Doc. #6). For the reasons set forth below, the petitioner's motion is dismissed in part and denied in part.

**I.**

    On July 16, 2008, a federal grand jury in Fort Myers, Florida returned a three-count Indictment (Cr. Doc. #3) charging Petitioner Dean Lawther with one count of possession of child pornography and

---

[1]The Court will make reference to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

two counts of transporting material involving the sexual exploitation of minors. On November 6, 2008, Petitioner pled guilty to Count Two of the Indictment pursuant to a written Plea Agreement (Cr. Doc. #26). (Cr. Doc. #52.) On March 20, 2009, the Court sentenced Petitioner to a 210 month term of imprisonment, to be followed by supervised release for a term of life (Cr. Docs. ## 38, 55). Judgment (Cr. Doc. #40) was filed on March 23, 2009.

Petitioner, through counsel, filed a Notice of Appeal (Cr. Doc. #42) on March 27, 2009. On December 7, 2009, the Eleventh Circuit Court of Appeals affirmed the conviction and sentence. (Cr. Doc. #63; United States v. Lawther, 355 F. App'x 357 (11th Cir. 2009)). On April 19, 2010, the Supreme Court of the United States denied Petitioner's petition for writ of certiorari. United States v. Lawther, 130 S. Ct. 2128 (2010).

Petitioner filed this § 2255 motion on April 1, 2011. (Cr. Doc. #66.) Read liberally, Petitioner's § 2255 Petition sets forth the following claims: (1) Petitioner received ineffective assistance of counsel when his trial attorney failed to request a competency hearing for petitioner based upon evidence presented at the sentencing hearing; (2) Petitioner received ineffective assistance of counsel when his attorney failed to make petitioner understand what his plea deal meant as to the amount of time to which he could be sentenced, and failed to negotiate a plea in which he pled guilty to Count One and the government dismissed the

other counts; and (3) Petitioner's sentence was too long for a first offense.

**II.**

**A. Timeliness of § 2255 Petition**

The United States asserts that petitioner's § 2255 petition was not filed within one year of the expiration of his time to file a petition for a writ of certiorari with the United States Supreme Court, and therefore is untimely. (Cv. Doc. #6, p. 6.) Petitioner, however, did file a petition for such a writ, which was denied by the Supreme Court on April 19, 2010. Lawther v. United States, 130 S. Ct. 2128 (2010). Since the § 2255 petition was filed on April 1, 2011, it was timely even without application of the "mailbox rule".[2] Therefore, the government is incorrect in its position that the § 2255 petition is untimely.

**B. Waiver in Plea Agreement**

The United States argues that petitioner is not entitled to review of the length of the sentence because his written Plea Agreement contained an express waiver of the right to challenge his sentence directly or in a collateral proceeding. (Cv. Doc. #6, pp. 9-10.) The Court agrees in part.

---

[2]See Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (under the prison mailbox rule a *pro se* prisoner's pleading is considered filed on the date it is delivered to prison authorities for mailing).

Petitioner's written Plea Agreement contains a waiver of appeal and collateral challenge provision, which states in pertinent part:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence **or to challenge it collaterally on any ground** . . . except (a) the ground that the sentence exceeds the defendant's applicable guideline range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Cr. Doc. #26, p. 14) (emphasis added). A waiver provision in a plea agreement is valid if made knowingly and voluntarily. <u>United States v. Weaver</u>, 275 F.3d 1320, 1333 (11th Cir. 2001) (citing <u>United States v. Bushert</u>, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). To establish that the waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. <u>United States v. Johnson</u>, 541 F.3d 1064, 1066 (11th Cir. 2008).

In the change of plea colloquy, the Court specifically advised petitioner that one of the provisions of the Plea Agreement he signed expressly waived his right to appeal his sentence or "to

-4-

challenge it collaterally on any ground, . . ." (Cr. Doc. #52, pp. 12-13.) Petitioner told the Court he understood this and was making the waiver knowingly and voluntarily (id. at 13), and was entering the guilty plea freely and voluntarily (id. at 20). A petitioner who files a § 2255 motion seeks a collateral remedy, Battle v. United States, 419 F.3d 1292, 1297 (11th Cir. 2005), and therefore this § 2255 motion falls within the waiver provision.

Petitioner's claim that his sentence was too long for a first offense does not fall within any of the three exceptions enumerated in the Plea Agreement, and the government did not appeal the sentence. Therefore, Petitioner's ability to collaterally challenge his sentence as too severe was waived by his Plea Agreement, and this issue in the § 2255 motion will be dismissed.

Alternatively, if read liberally, petitioner's argument may be viewed as a claim that his sentence violated the Eighth Amendment to the United States Constitution, a claim which is not precluded by the waiver provision. Such a claim, however, is without merit.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. According to the Supreme Court, this clause "prohibits. . .sentences that are disproportionate to the crime committed." Solem v. Helm, 463 U.S. 277, 284 (1983). However, "outside the context of capital punishment, successful challenges to the proportionality of

particular sentences will be exceedingly rare." Id. at 289-290. (quotation marks and alterations omitted). In non-capital cases, the Eighth Amendment forbids extreme sentences that are grossly disproportionate to the crime. United States v. Farley, 607 F.3d 1294, 1343 (11th Cir. 2010); United States v. Flores, 572 F.3d 1254, 1268 (11th Cir. 2009). Generally, when a sentence is within the limits imposed by statute, it is neither excessive nor cruel. United States v. McGarity, 669 F.3d 1218, 1257 n. 59 (11th Cir. 2012), cert. denied, 133 S. Ct. 378 (2012); United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006). The Eleventh Circuit "has never found a term of imprisonment to violate the Eighth Amendment, and outside the special category of juvenile offenders the Supreme Court has only found one to do so." United Farley, 607 F.3d at 1343. The one case wherein the Supreme Court held a sentence to violate the Eighth Amendment "was for a sentence of life imprisonment without parole imposed on a petty criminal who wrote a bad check for $ 100, the latest in a string of his relatively minor, nonviolent offenses." Id.

The Eleventh Circuit has recognized that "the sexual abuse of children, and the use of the internet to facilitate that abuse, are serious problems affecting the health and welfare of the nation," Farley, 607 F.3d at 1345, and that the physical and emotional impact of child pornography upon its victims is only just starting to be understood, United States v. Irey, 612 F.3d 1160, 1206-07

(11th Cir. 2010)(en banc)(detailing physical and emotional harm resulting from sexual abuse related to production of child pornography); United States v. Pugh, 515 F.3d 1179, 1195-98 (11th Cir. 2008) (same).

Here, the facts established by the presentence report, to which no objections were made, clearly establish that petitioner's sentence did not violate the Eighth Amendment. Petitioner entered an internet chatroom and began a discussion with an undercover agent. During this chat, petitioner discussed child pornography and his interest in sending child pornography to be shown to the agent's fictitious ten year old daughter. Petitioner enabled his webcam to send a streaming image of himself showing his hand on his penis. Petitioner also sent four videos to the agent which contained young female children engaged in sexual activity. Agents later reviewed petitioner's Yahoo member directory profile, which listed his hobbies as "making girls and women squeal and wet. Tradeing videos, hotter the better", and his favorite quote as "Wanna fuck."

Approximately two months later, agents executed a search warrant at petitioner's residence. The agents found petitioner at his computer, and petitioner stated he had been speaking with a worman and masturbating. Petitioner stated he would go online to converse with someone he believed to be a mother with pre-teen children. Petitioner told the agents he would at times activate

his web cam and expose himself, and send images of young girls to others online who were interested. Petitioner told the agents he had phone sex several times with a fourteen year old girl and another high school aged girl online. Petitioner stated he obtained child pornographic images from the internet and kept the images on his computer or on compact discs. Petitioner admitted posting images of infants and toddlers engaged in sexually explicit conduct, and having such images. Petitioner stated he would normally spend a large number of hours online each day, would masturbate to child pornography, and described himself as a "closet pedophile." Petitioner estimated having between 100 and 200 images of child pornography on one of his computers, and two full hard drives full of child pornography on another of his computers. A forensic analysis of the computers showed in excess of 2,000 still images of child pornography and more than 50 videos depicting child pornography. The Eleventh Circuit has upheld longer sentences for less egregious conduct. United States v. Turner, 626 F.3d 566, 573-74 (11th Cir. 2010)(upholding 300-month sentence for possession of 600 images of child pornography). Accordingly, even if Petitioner's argument is not barred by the waiver provision in the Plea Agreement, it is without merit.

## III.

To prevail on a claim of ineffective assistance of counsel, a

habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010). "As to counsel's performance, 'the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices.'" Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009)). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

To establish prejudice under <u>Strickland</u>, Petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." <u>Marquard v. Sec'y for the Dep't of Corr.</u>, 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). "Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

## A. Failure to Knowingly and Voluntarily Enter Guilty Plea

Petitioner argues that he was provided with ineffective assistance of counsel when his attorney failed to ensure his understanding of his possible sentence in accordance with the Plea Agreement. Further, Petitioner alleges his attorney failed to properly negotiate Petitioner's plea because he did not negotiate for a conviction of Count One and a dismissal of Counts Two and Three. Petitioner is effectively arguing that his plea was not entered into knowingly or voluntarily. (Cv. Doc. #1, p. 5.)

The legal principles applicable to this issue are well established. "A guilty plea is more than a confession which admits that the accused did various acts. [ ] It is an admission that he committed the crime charged against him. [ ] By entering a plea of guilty, the accused is not simply stating that he did the discrete

acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce, 488 U.S. 563, 570 (1989)(internal quotation marks and citations omitted). For this reason, the United States Constitution requires that a guilty plea must be voluntary and defendant must make the related waivers knowingly, intelligently and with sufficient awareness of the relevant circumstances and likely consequences. United States v. Ruiz, 536 U.S. 622, 629 (2002); Hill v. Lockhart, 474 U.S. 52, 56 (1985); Henderson v. Morgan, 426 U.S. 637, 645 (1976). After a criminal defendant has pled guilty, he may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only attack the voluntary and knowing character of the guilty plea, Tollett v. Henderson, 411 U.S. 258, 267 (1973); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992), or the constitutional effectiveness of the assistance he received from his attorney in deciding to plead guilty, United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986).

To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). Rule 11 explicitly directs the district judge not to accept a plea without determining these "core

concerns." Therefore, on review, the court is "warranted in regarding the court's acceptance of the plea as a positive finding on each [component of the Rule]." United States v. Buckles, 843 F.2d 469, 473 (11th Cir. 1988).

A defendant who fails to object to a Rule 11 error has the burden of satisfying the plain-error rule, and a reviewing court may consult the whole record when considering the effect of any error on substantial rights. United States v. Vonn, 535 U.S. 55, 74-75 (2002). A petitioner "will rarely, if ever, be able to obtain relief for Rule 11 violations under § 2255," and such relief is available "only in the most egregious cases." United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004).

Petitioner was able to understand and communicate with the Court during the Change of Plea hearing held on November 6, 2008. (See Cr. Doc. #52.) When asked by the Court, Petitioner stated that he was "doing pretty good" and that he was not suffering from anything that would interfere with his ability to think, concentrate, or understand the proceedings. (Id. at p. 4.) Petitioner stated that his mental competency had never been questioned or challenged. (Id. at p. 5.) Petitioner further stated that his anxiety medication did not affect his ability to think, that he was clear minded, and that he understood the charges against him. (Id. at p. 6.) Counsel for both Petitioner and the

government stated that there was no reason to believe that petitioner was incompetent to enter a guilty plea. (Id.)

After being found competent by the Court to enter a plea of guilty, Petitioner acknowledged that he initialed each page of the Plea Agreement and signed the last page (Id. at p. 7.) Petitioner acknowledged that he had enough time to discuss the charges against him with his attorney and that he was satisfied with the services provided by his attorney. (Id. at p. 6.) Petitioner confirmed that he chose to plead guilty free of coercion, threats, or pressure of any kind. (Id. at p. 7.) Petitioner confirmed that he authorized his attorneys to have discussions with the attorney for the government to seek a plea agreement, that Petitioner understood the Plea Agreement, and that he discussed it in detail with his attorneys prior to signing it. (Id. at p. 8.) Petitioner stated that he understood that the Court was not bound by any recommendations as to a sentence or the application of sentencing guidelines that may be contained in the agreement. (Id.)

The Court then explained the factors that go into sentencing and Petitioner acknowledged that his attorney explained these considerations to him. (Id. at p. 11.) The Court fully advised Petitioner of his rights and that he would be giving up the rights by pleading guilty. (Id. at pp. 15-17.) The Court then advised Petitioner of the four elements which must be proven beyond a reasonable doubt, which Petitioner stated he understood. (Id. at p.

17.) Petitioner then stated the actions that he performed which he believed made him guilty of Count Two of the Indictment. (Id. at pp. 18-19.) The Court then confirmed Petitioner's desire to plead guilty to Count Two of the Indictment after having heard an explanation of the effect of a plea of guilty and its affect on Petitioner's rights. (Id. at p. 20.) Petitioner stated that he was freely and voluntarily entering a guilty plea. (Id.)

Petitioner's Plea Agreement, which was initialed on each page and signed by Petitioner, and the guilty plea colloquy confirm that the guilty plea was voluntary and knowing. It is clear from the record of the Change of Plea hearing that Petitioner's claim that his guilty plea was not made knowingly, voluntarily, and with an understanding of its consequences is without merit. There is no evidence that the option to plead guilty to count one instead of count two was proffered by the government. In fact, Petitioner's attorneys did get a dismissal of counts one and three as part of negotiations with the government. (Cr. Doc. #55, p. 68.) Accordingly, Petitioner's claim that his guilty plea was unknowing and/or involuntary is without merit.

It is certainly true that a criminal defendant has a Sixth Amendment right to effective assistance of counsel during plea discussions with the government, Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012), and has a Sixth Amendment right to have formal plea offers from the

government communicated accurately by counsel, Frye, 132 S. Ct. at 1408. A defendant has no constitutional right, however, to receive a plea offer from the government. Weatherford v. Bursey, 429 U.S. 545, 560-61 (1977); United States v. Pleasant, 730 F.2d 657, 664 (11th Cir. 1984). Petitioner does not assert that the government was ever willing to offer a more beneficial plea agreement, or that any attorney could have received a better offer. The evidence in the case was overwhelming, and defense counsel obtained the dismissal of two of the three counts. The Court finds neither deficient performance nor prejudice under Strickland in this case.

**B. Failure to Seek Competency Hearing**

Petitioner argues that his attorneys provided ineffective assistance of counsel by failing to petition the Court for a competency hearing after Dr. Schaerf's testimony at the sentencing hearing (Cv. Doc. #1, p. 4). This claim is both procedurally barred and without merit.

A § 2255 proceeding cannot be used to relitigate questions which were raised and considered on direct appeal. United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001). Therefore in most cases, prior disposition of an issue on direct appeal precludes further review in a subsequent § 2255 proceeding. Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995). Similarly, where an issue which could have been raised on appeal is not pursued, it will not be considered in a § 2255

proceeding absent a showing of cause and actual prejudice from the errors of which she complains, or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); Mills, 36 F.3d at 1055. Cause for a procedural default may be established if petitioner can show that "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule," or that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997). To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. This means factual innocence, not mere legal insufficiency. Bousley, 523 U.S. at 623-24.

In this case, on direct appeal, petitioner asserted that the district court should have *sua sponte* ordered a competency hearing at sentencing because the information Petitioner presented was sufficient to raise a *bone fide* doubt of Petitioner's competency. (Cr. Doc. #63, p. 2.) The Eleventh Circuit reviewed Petitioner's claim under an abuse of discretion standard and found the record demonstrated that Petitioner "was both able to aid in his defense and understand the proceedings against him." (Id. at p. 4.) In affirming Petitioner's conviction, the Eleventh Circuit concluded

that there was no *bona fide* doubt as to Petitioner's competency and that "the district court did not err in failing to conduct a competency hearing." (Id.) Accordingly, Petitioner's claim that a competency hearing was required has been decided and is procedurally barred in the § 2255 proceeding.

Petitioner also fails to show that his attorney's performance met the Strickland standard for ineffective assistance of counsel. The Eleventh Circuit specifically held that there was no *bona fide* doubt as to Petitioner's competency at sentencing. (Id.) An attorney need not raise or preserve a meritless issue. Petitioner's attorney's performance falls well within the objectively reasonable bounds of attorney conduct. Petitioner's claim that he was provided with ineffective assistance of counsel when his attorneys failed to petition the Court for a competency hearing is rejected.

Petitioner relies on the Eleventh Circuit's citation to United States v. Rodriguez, 799 F.2d 649, 655 (11th Cir. 1986) to support the claim that his attorneys were ineffective by failing to seek a competency hearing. Petitioner clearly misconstrues the citation to Rodriguez. The Eleventh Circuit stated that "when a defendant's counsel fails to raise the issue of a defendant's competency at the trial level, this is 'persuasive evidence that [the defendant's] mental competence was not in doubt.'" United States v. Lawther, 355 F. App'x 357, 359 (11th Cir. 2009)(quoting Rodriguez, 799 F.2d

at 655). Nothing in the Eleventh Circuit's statement or citation to Rodriguez suggests that he received ineffective assistance of counsel.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DISMISSED in part** pursuant to a valid plea waiver, and alternatively is **DENIED in part** for the reasons stated above. The Motion is otherwise **DENIED** as to all other issues.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004)

or, that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of February, 2013.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Petitioner
AUSA